JH

MEMORANDUM IN SUPPORT

**FILED**
NOV 2 0 2007
Nov. 20, 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

I. <u>INTRODUCTION</u>

87 CR 340-1

Petitioner Gustavo Chaverra respectfully requests that this Court grant his petition to correct his illegal sentence predicated on the grounds that the sentence imposed had exceeded the statutory maximum for the offense. In addition, this court should grant a re-sentencing hearing because the sentence imposed was in violation of Rule 32 of the Federal Rules of Criminal Procedure where petitioner or his lawyer wasn't given an opportunity to speak before the court imposed a sentence of mandatory life imprisonment. Next, petitioner argues that he should have been sentenced under the Federal Sentencing Guidelines which would have imposed a sentence lesser than life imprisonment.

II. <u>STATEMENT OF FACTS</u>

On May 7, 1987 petitioner was indicted for the alleged crime of having conspired in an attempt to harm Assistant United States Attorney Ruben Castillo while he engaged in the performance of his official duties ("count-one"), which had violated Title 18 U.S.C. §1114 and §1117; conspiring to harm a government witness ("count-two"), in violation of Title 18 U.S.C. §371 ("count-two"); aiding and abetting the attempted harm of AUSA Castillo during the course of the conspiracy ("count-three"), in violation of 18 U.S.C. §373 and 2; and aiding and abetting the attempted harm of physical force against another ("count-four"), all in violation of Title 18 U.S.C. §373 and 2.

2.

Petitioner pled not guilty to all charges alleged in the indictment. However, he was found guilty on all charges of the indictment in a trial by jury. On November 18, 1987, the district court sentenced Mr. Chaverra to life imprisonment on count-one, followed by a 60-month consecutive sentence on counts 2 and 4. In addition, the district court sentenced petitioner to serve 240 months on count-three and ordered that the sentences imposed on counts 1-4 should run concurrently with each other. After sentencing, he appealed and the Seventh Circuit Court of Appeal's affirmed his sentence. United States v. Chaverra-Cardona, 879 F.2d 1551 (7th Cir. 1989).

III. LAW AND ARGUMENT

    A. Motion for Correction of Illegal Sentence

Motions for Correction Of Illegal Sentences are governed by Rule 35 (a) of the Federal Rules of Criminal Procedure. Rule 35(a) provides, in part:

> (a) Correction of Sentence. The Court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence.

Federal Rules of Criminal Procedure. (1987). Fed. R. Crim. P. 35(a), as applied to offenses committed prior to Nov 1, 1987, allows the court to correct an illegal sentence at any time. See United States v. DeJohnette, 752 F.Supp. 849, 850 (N.D. Ill. 1991). An illegal sentence is narrowly defined as one which is in excess of the statutory maximum punishment, imposes multiple punishments for the same offense, or the terms of which are otherwise legally or

3.

constitutionally invalid. <u>Hill v. United States</u>, 368 U.S. 424, 430, 7 LEd.2d 417, 82 S.Ct. 468 (1962); <u>United States v. Huss</u>, 520 F.2d 598, 602 (2d Cir. 1975).

    B.    PETITIONER"S SENTENCE IS ILLEGAL AND RESENTENCING IS REQUIRED WHERE IT HAD EXCEEDED THE STATUTORY MAXIMUM AUTHORIZED FOR THE OFFENSE.

Petitioner argues that his sentence is illegal because it had exceeded the statutory maximum for having attempted to cause harm to AUSA Castillo. Count-One of the indictment reads:

> "If two or more persons conspire to violate section 1111, 1114, 1116, or 1119, and one or more such persons do any overt act to effect the object of the conspiracy, each shall be punished for **any term of years or for life**."

18 U.S.C. §1117. The petitioner contends that the substance of the crime can only be founded upon a violation of 18 U.S.C. §1114, which provides:

> "In the case of attempted murder or manslaughter, as provided in section 1113." (3)

18 U.S.C. §1114 (3). Since Ausa Castillo was not injured or killed in any way in or account of the performance of his official duties, Mr. Chaverra's sentence is founded under §1113, which provides, in pertinent part:

> "Except as provided in section 113 of this title, whoever, within the special maritime and territorial jurisdiction of the United States, attempts to commit murder or manslaughter, shall, for an attempt to commit murder be imprisoned **not more than [twenty years]** or fined under this title, or both, and for an attempt to commit manslaughter be imprisoned not more than seven years or fined under this title, or both."

18 U.S.C. §1113. (emphasis added).

4.

The sentences to be imposed in Mr. Chaverra's case conflicts from §1114 statements of "any term of years or for life and between §1114 (3)'s cross-reference to §1113's imposition of a sentence of "not more than 240 months." Because Ausa Castillo was fully aware of Mr. Chaverra's alleged attempt at murder, petitioner's sentence is founded under §1114(3) and §1113, Mr. Chaverra's sentence is illegal in that it exceeded the statutory maximum of twenty-years under the statutes. The Rule of Lenity holds that "where there is ambiguity in a criminal statute, doubts are resolved in favor of defendant." United States v. Bass, 404 U.S. 336, 348, 30 L.Ed.2d 488, 92 S.Ct. 515 (1971). see also., Muscarello v. United States, 524 U.S. 125 138-39, 118 S.Ct. 1911 (1998) ("To invoke the rule of lenity, we must concluded that there is a grievous ambiguity or uncertainty in the statute"). Therefore, petitioner contends that under the Rule of Lenity, the maximum sentence which could have been imposed based on the ambigous sentencing terms is a maximum of 240 months imprisonment as to count-one of the indictment.

C. **RULE 32 VIOLATION**

Peitioner contends that he should be entitled to a re-sentencinge hearing because he was not afforded, nor was counsel, allowed an opportunity to speak before this court imposed a sentence of life imprisonment. Petitioner recognizes that under Rule 32 (i) (4) (a) (ii) the court must address him personally in order to permit him an opportunity to speak or present information to mitigate the

5.

sentence; and (i) provide the defendant's attorney an opportunity to speak on his behalf;

The petitioner contends that his sentence was imposed in violation of Rule 32 because he was not afforded an opportunity to mitigate the sentence, also in violation of Amendment V to the United States Constitution. Therefore, petitioner prays for a re-sentencing hearing in this matter.

### D. SENTENCING UNDER FEDERAL SENTENCING GUIDELINES SHOULD BE AFFORDED TO MR. CHAVERRA.

Petitioner contends that he should had been afforded sentencing under the Federal Sentencing Guidelines in his case. Petitioner recognizes that the Federal Sentencing Guidelines was made mandatorily applicable to cases sentenced after November 1, 1987. Here, petitioner was sentenced on November 18, 1987, so he contends that he should have been sentenced under the Federal Sentencing Guidelines where he would have received a lesser sentence. Under the guidelines, the offenses on counts one through four would have been grouped together under §3D1.2 (b) as constituting a common criminal objective or constituting part of a common scheme or plan. Using the highest statutory maximum of 240-months, the base offense level would have been established under U.S.S.G. §2A1.5. At Base Offense Level 33, Criminal History Category I, petitioner's sentencing range for the offenses would have been between 135-168 months imprisonment, far less than life had the court sentenced him under the guidelines. Therefore, petitioner seeks re-sentencing under the guidelines.

## CONCLUSION

WHEREFORE, for the above stated reasons raised herein, petitioner request that his case be scheduled for re-sentencing upon grant of this petition.

Respectfully submitted,

Gustavo Chaverra
Reg. No. 94850-024
P.O. Box 6000
Glenville, WV 26351

## CERTIFICATE OF SERVICE

Petitioner hereby certifies that a copy of the foregoing petition was served upon the Office of the United States Attorney's as follow:

Anton R. Valukas
Thomas Scorza
Assistant United States Attorney
219 South Dearborn Street
Chicago, Illinois 60604

on this /_ day of November, 2007.

Gustavo Chaverra,
Undersigned Petitioner

7.