UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 87 CR 340 |
| | ) | Hon. Elaine E. Bucklo |
| GUSTAVO CHAVERRA-CARDONA | ) | |
| | ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR CORRECTION OF ILLEGAL SENTENCE PURSUANT TO RULE 35 OF THE FEDERAL RULES OF CRIMINAL PROCEDURE**

The UNITED STATES OF AMERICA, by PATRICK J. FITZGERALD, United States Attorney for the Northern District of Illinois, Eastern Division, respectfully submits this response to defendant Gustavo Chaverra-Cardona's motion to correct an illegal sentence pursuant to Rule 35 of the Federal Rules of Criminal Procedure. The defendant has litigated two of the issues he now raised in his motion and the courts have previously denied the defendant's request fro relief. The defendant's third issue lacks merit. For the reasons set forth below, the government respectfully requests that the motion be denied.

**BACKGROUND**

In November 1987, a jury found the defendant guilty of: (Count 1) conspiring to kill then Assistant United States Attorney (now Judge) Ruben Castillo, in violation of 18 U.S.C. §1117; (Count 2) conspiracy to kill a government witness, Fanny Altimarino, in violation of 18 U.S.C. §371; (Count 3) solicitation of the murder of then Assistant United States Attorney Ruben Castillo, in violation of 18 U.S.C. §373; and (Count 4) solicitation of the murder of Fanny Altimarino, a

1

government witness, and her children, in violation of 18 U.S.C. §373. R. 94.[1] The Court sentenced the defendant to life imprisonment for Count 1, five years imprisonment for Count 2, twenty years imprisonment for Count 3, and five years imprisonment for Count 4. R. 94. The Court ordered that the defendant serve his sentences concurrently. R. 94.

**Defendant's Initial Appeal**

The defendant appealed his conviction. On appeal the defendant argued that the Court abused its discretion in admitting evidence concerning the defendant's underlying drug case and his drug trafficking and finances; there was insufficient evidence to support his conviction; and that the court abused its discretion at sentencing by failing to consider the defendant's actual culpability. *United States v. Chaverra-Cardona*, 879 F.2d 1551, 1553-1556 (7th Cir. 1989). On July 19, 1989, the 7th Circuit affirmed the defendant's conviction and sentence. *Id.* at 1556.

**Defendant's Motion for Correction of Sentence**

On November 16, 1989, following the 7th Circuit's affirmation, the defendant filed a motion for correction and/or reduction in sentence pursuant to Fed. R. Crim. P. 35. R. 144. The defendant's initial argument amounted to a claim of innocence. His second argument was that the court should have applied the Sentencing Guidelines that went into effect November 1, 1987. The court denied the defendant's motion, finding the defendant's argument of innocence unpersuasive and that the November 1, 1987, Sentencing Guidelines did not apply to his sentence. *United States v. Chaverra-Cardona*, 725 F.Supp. 1459, 1460 (N.D.Ill. 1989).

---

[1] We refer to the record as follows: References to the Record are designated as "R." References to the Sentencing Transcript are referenced as "Sent. Tr." References to the defendant's current motion are referenced as "D. Mot."

**Defendant Request For Post Conviction Relief**

In April 1997, the defendant filed a habeas corpus claim pursuant to 28 U.S.C. §2255 in the United States District Court for the Northern District of Illinois, arguing that his trial counsel was ineffective. *United States v. Chaverra-Cardona*, No. 97C2915, 1998 WL 135620 (N.D. Ill. 1998) (Unpublished). District Court Judge Moran denied the defendant's §2255 motion finding that the defendant's arguments were without merit. *Id.* at 6. On February 23, 1998, the defendant filed a notice of appeal, and on April 1, 1998, the District Court denied the defendant's request for certificate of appealability for failing to show the denial of a constitutional right. *Chaverra-Cardona v. Haynes*, 2007 WL 3129710 at 3 (N.D.W. Va. 2007). On July 31, 1998, the Seventh Circuit Court of Appeal dismissed the defendant's appeal pursuant to Circuit Court Rule 3(b). *Id*. at 3.

On January 3, 2006, the defendant filed an application with the Seventh Circuit Court of Appeals seeking permission to file a second or successive §2255 motion, and on January 10, 2006, the Court denied his application. *Id*. (*citing Chaverra-Cardona v. United States*, No. 06-1019 (7th Cir. 2006) (Unpublished)). Thereafter, the defendant filed a petition with the United States District Court for the Northern District of West Virginia, pursuant to 28 U.S.C. § 2241, where he argued that he was denied his right to file a second §2255 petition. *Haynes*, 2007 WL 3129710 at 3. Specifically, the defendant argued that "he was denied his right to due process and fundamental fairness when he was denied the right to put forth 'newly discovered evidence.'" *Id.* On October 23, 2007, the District Court for the Northern District of West Virginia denied the defendant's petition. *Id.* at 4.

**Defendant's Meritless Collateral Attack**

On November 20, 2007, the defendant filed a motion for correction of illegal sentence

pursuant to Rule 35 of the Federal Rules of Criminal Procedure. In his most recent motion, defendant argues that the imposed sentence exceeded the statutory maximum sentence; the sentencing court violated Rule 32 of the Federal Rules of Criminal Procedure because the court failed to allow the defendant or defense counsel an opportunity to address the court at sentencing; and the court should have applied the Sentencing Guidelines that went into effect November 1, 1987, when sentencing the defendant. D. Mot. at 2.

## ARGUMENT

**The Court Lacks Jurisdiction to Alter the Defendant's Sentence**

District courts have sharply limited authority to revisit sentences after they are imposed, *see United States v. Vega*, 241 F.3d 910, 911-12 (7th Cir. 2001*)*, and such authority does not extend to the relief the defendant requests. Once a court imposes a sentence, it has jurisdiction to decide related issues only when authorized by statute or rule. *See* 18 U.S.C. §3582(c), Fed. R. Crim. P. 35. In this case, no statute or rule authorizes the Court to rule on a challenge to defendant's sentence for the relief requested.

The defendant argues that his sentence was illegal and moves this Court to correct his sentence pursuant to applicable Rule 35 of the Federal Rules of Criminal Procedure[2]. The

---

[2]Federal Rules of Criminal Procedure Rule 35 Applicable to Offenses Committed Prior to November 1, 1987: Correction or Reduction of Sentence "(a) Correction of Sentence. The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence. (b) Reduction of Sentence. A motion to reduce a sentence may be made, or the court may reduce a sentence without motion, within 120 days after the sentence is imposed or probation is revoked, or within 120 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 120 days after entry of any order or judgement of the Supreme Court denying review of, or having the effect of upholding, a judgment of conviction or probation revocation. The court shall determine the motion within a reasonable time. Changing a sentence from a sentence of incarceration to a grant of probation shall constitute a permissible

defendant may seek relief under the Rule 35 that was in effect at the time of his sentencing because his crimes were committed prior to November 1, 1987. *See United States v. Rooney*, 1995 WL 257912 at 1 (N.D. Ill. 1995) (*citing United States v. Corbitt*, 13 F.3d 207, 211 (7th Cir. 1993)). The version of Rule 35 that was in effect at that time of the defendant's conviction stated: "The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner with the time provided herein for the reduction of sentence." Fed. R. Crim. P. 35. The old rule was intended to give a defendant a second round before the sentencing judge. *Rooney*, 1995 WL 257912 at 1 (*citing United States v. Corbitt*, 13 F.3d 207, 212). Rule 35 "was not intended . . . to allow defendants . . . to mount collateral attacks to their convictions. *Id*. The defendant's new motion is a collateral attack on a lawful sentence. *See United States v. Bennett*, 172 F.3d 952, 953 (7th Cir. 1999) (the defendant's motion under Fed. R. Crim. P. 35(a), which was filed after a number of attempts to vacate his conviction under 28 U.S.C. §2255, was outside the scope of the district court's jurisdiction).

**Even if the Court Had Jurisdiction, the Defendant's Motion Is Meritless**

First, the defendant argues that the imposed sentence exceeded the statutory maximum sentence. The defendant in essence has already raised this argument in his direct appeal, and the court rejected the argument. *See Chaverra-Cardona*, 879 F.2d at 1556. In the instant case, the defendant argues that since Assistant United States Attorney Castillo was "not injured or killed" that the maximum sentence should have been twenty years imprisonment pursuant to 18 U.S.C. §1113. (Def. Br. at 4.) The defendant argues that he should not have received a sentence of life imprisonment because he did not kill AUSA Castillo. D. Mot. at 4. Instead, the defendant

---

reduction of sentence under this subdivision."

argues that he should be sentenced for an attempted murder under 18 U.S.C. § 1113. *Id*. The defendant was charged, convicted , and sentenced for violating 18 U.S.C. §1117. The penalty outlined in the statute is "imprisonment for any term of years or for life." 18 U.S.C. §1117. The court sentenced the defendant to life imprisonment, a sentence clearly contemplated within the statute. R. 94.

The defendant is now asking this court to reward him for failing to kill AUSA Castillo at the time. The defendant argued the same issue during his direct appeal in 1989. As the Seventh Circuit stated in 1989, "The crimes of conspiracy and solicitation to murder a government prosecutor are gravely serious offenses, and the fact that the scheme did not succeed does not lessen Chaverra's culpability." *Chaverra-Cardona*, 879 F.2d at 1556.

Second, the defendant argues that the sentencing court violated Rule 32 of the Federal Rules of Criminal Procedure because the court failed to allow the defendant or defense counsel an opportunity to address the court at sentencing. Federal Rule of Criminal Procedure Rule 32 at the time of the defendant's sentencing required the court to give defense counsel an opportunity to speak on behalf of the defendant, and address the defendant personally and allow the defendant to make a statement and present any information in mitigation of punishment. Fed. R. Crim. P. 32.

The defendant's argument is without merit. It is clear from the sentencing transcript that the court gave defense counsel an opportunity to address the court pursuant to Rule 32. Sent. Tr. 1313-1328. As a matter of fact, defense counsel attempted to argue that the Sentencing Guidelines should be applied to the defendant's case. Sent. Tr. 1319-1323. Additionally, the court gave the defendant an opportunity to address the court during sentencing. Sent. Tr. 1328-

1340. The defendant read an 11 page statement to the court asserting his innocence and asking for compassion from the court and the prosecutors. Sent. Tr. 1328-1340.

Lastly, the defendant argues that the court should have applied the Sentencing Guidelines that went into effect November 1, 1987, when he was sentenced. The defendant raised the same argument in his November 1989 motion for correction and/or reduction of sentence pursuant to Fed. R. Crim. P. 35. The Court denied his motion. *See Chaverra-Cardona*, 725 F.Supp. at 1460. As stated by the court then, Chaverra-Cardona was convicted for a crime that occurred prior to November 1, 1987 – the date the Sentencing Guidelines went into effect. *Id*. The legislative history states that the Guidelines "'apply to any offense or other event occurring on or after the effective date . . . . As to an offense committed prior to the effective date, the preexisting law will apply as to all substantive matters *including the imposable sentence*.' S.Rep. No. 98-225, 98th Cong., 2d Sess. 189, *reprinted in* 1984 U.S. Code Cong. & Admin. News 3182, 3372.'" *Id.* (*emphasis in original*). The Court concluded that Chaverra's criminal acts occurred prior to November 1, 1987, and the Sentencing Guidelines were not applicable. *Id. See United States v. Eliason*, 3 F.3d 1149, 1155 (7th Circuit 1993) (stating (in dicta) that the United States Sentencing Guidelines were not applicable for crimes committed before November 1, 1987); *see also United States v. Ruzzano*, 247 F.3d 688, 698 n.1 (7th Circuit 2001) (holding that the sentencing guidelines do not apply to the defendant's tax evasion violations, which were committed in 1979 and 1980, because the guidelines to not apply to offenses that occurred before November 1, 1987).

## CONCLUSION

WHEREFORE, the government respectfully requests that the Court dismiss defendant's motion for want of jurisdiction or, in the alternative, because the motion is meritless.

        Respectfully submitted,

        PATRICK FITZGERALD
        United States Attorney

By:   /s/ Anthony P. Garcia
        Anthony P. Garcia
        Assistant United States Attorney
        219 S. Dearborn Street
        Chicago, Illinois  60604
        (312) 469-6151

Date:   April 25, 2008

**CERTIFICATE OF SERVICE**

      The undersigned Assistant United States Attorney hereby certifies that the following documents:

      GOVERNMENT'S RESPONSE TO MOTION UNDER RULE 35 OF THE
      FEDERAL RULES OF CRIMINAL PROCEDURES

were served on April 25, 2008, in accordance with FED. R. CRIM. P. 49, FED. R. CIV. P. 5, LR 5.5, and the General Order on Electronic Case Filing (ECF) pursuant to the district court's system as to ECF filers, and by Federal Express to:

      Gustavo Chaverra-Cardona
      #94850-024
      Gilmer – FCI
      P.O. Box 6000
      Glenville, WV 26351

      /s Anthony P. Garcia
      ANTHONY P. GARCIA
      Assistant United States Attorney
      219 South Dearborn Street
      Chicago, Illinois
      (312) 469-6151