# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 87 CR 340 - 1 | **DATE** | 6/23/2008 |
| **CASE TITLE** | U.S.A. vs. Gustavo Chaverra-Cardona | | |

**DOCKET ENTRY TEXT**

(Defendant Gustavo Chaverra-Cardona only). Gustavo Chaverra-Cardona's Motion for correction of illegal sentence [148] is denied. (For further detail see below).

■[ For further details see text below.]  Notices mailed by Judicial staff.

## STATEMENT

   Gustavo Chaverra-Cardona moves, under the version of FED. R. CIV. P. 35(a) applicable to offenses committed prior to November 1, 1987 ("Old Rule 35"), to correct an "illegal sentence" because (1) the sentence exceeded the statutory maximum for the offense, (2) the sentence violated FED. R. CIV. P. 32 as he and his lawyer were not given the opportunity to speak before the sentence was imposed, and (3) he should have been sentenced under the Federal Sentencing Guidelines ("Guidelines"). For the following reasons, the motion is denied.
   The parties agree that, because Chaverra's offenses were committed prior to November 1, 1987, Old Rule 35 applies. *See United States v. Bennett*, 172 F.3d 952, 953 (7th Cir. 1999) (explaining that, although Rule 35 has been amended, the former rule applies to offenses committed before November 1, 1987); *United States v. Corbitt*, 13 F.3d 207, 211 (7th Cir. 1993) (same). The government argues that I lack jurisdiction because the motion is a collateral attack on a lawful sentence, but the case law provides that Rule 35 does not permit a collateral attack on a conviction. *See United States v. Canino*, 212 F.3d 383, 384 (7th Cir 2000) (stating that Old Rule 35(a) is limited to correcting illegal sentence, and does not cover argument that conviction is improper); *Corbitt*, 13 F.3d at 212 (explaining that inquiry is limited to the record, and Old Rule 35(a) motion is not appropriate procedure to go outside the record to collaterally attack underlying judgment of conviction); *Bennett*, 172 F.3d at 953 (concluding that district court had no jurisdiction to rule on motion as outside scope of Rule 35(a) where defendant did not argue that sentence was illegal in that it was ambiguous, inconsistent, or otherwise defective, but he confused illegal sentence with judgment that rests on error and argued that he should not have been sentenced at all). Here, Chaverra challenges his sentence, not the underlying conviction.
   Chaverra's first and third arguments challenge the sentence as illegal. Old Rule 35(a) allows for the correction of "an illegal sentence at any time." A sentence outside the statutory range is an illegal sentence. *Corbitt*, 13 F.3d at 211 n.6. Also, the Seventh Circuit has assumed without deciding (where it did not affect the ultimate decision) that an erroneous non-application of the Guidelines is an illegal sentence. *United*

**STATEMENT**

*States v. Byerley*, 46 F.3d 694, 698 n.3 (7th Cir. 1995) (citing *Corbitt*, 13 F.3d at 211 n.6). Argument 1 fails because Chaverra was charged with, and found guilty of, conspiracy in violation of 18 U.S.C. § 1117, which expressly provides for punishment by life imprisonment. The penalty for the offense underlying the conspiracy - violation of 18 U.S.C. § 1114 - does not apply because that was not the crime charged. Argument 3 fails because the Guidelines apply to offenses committed on or after November 1, 1987 - not to sentences imposed on or after that date. *See Corbitt*, 13 F.3d at 211.

The government fails to raise the issue, but Chaverra's second argument does not properly challenge the sentence as illegal. A violation of FED. R. CIV. P. 32 is a procedural error that, if true, would mean the sentence was "imposed in an illegal manner." *See id.* at 211 n.6 (explaining that illegal sentence traditionally was one outside applicable statutory range, in violation of double jeopardy principles, or inherently contradictory or ambiguous, while sentence imposed in illegal manner was one within statutory parameters but imposed in procedurally defective way); 26-635 MOORE'S FEDERAL PRACTICE § 635App.102, ¶[3][b] (2008) (explaining that sentence imposed in illegal manner is within relevant statutory limits, but violates defendant's right under Rule 32 to be addressed personally at sentencing and to speak in mitigation of punishment); *see also* 3 WRIGHT, KING & KLEIN, FEDERAL PRACTICE & PROCEDURE: CRIMINAL 3d § 585 (2008) (explaining that Rule 35 was amended to permit correction of sentence imposed in illegal manner specifically to overrule Supreme Court decision in *Hill v. United States*, 368 U.S. 424 (1962) holding that failure to afford defendant opportunity to make statement under Rule 32 could not be raised in Rule 35 motion). Because of the time limit imposed by Old Rule 35(a) for the correction of sentences imposed in an illegal manner, argument 2 is untimely. But even if argument 2 were timely, it would nevertheless fail as unsupported by the record because the sentencing transcript clearly shows that both Chaverra and his attorney addressed the court.