IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| United States of America | ) | |
| | ) | |
| | ) | |
| v. | ) | No. 87 CR 340 |
| | ) | |
| | ) | |
| | ) | |
| Gustavo Chaverra-Cardona, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

<u>Memorandum Opinion and Order</u>

Gustavo Chaverra-Cardona has spent the past 34 years in prison for extremely serious crimes including drug distribution, conspiracy to kill a witness and an Assistant United States Attorney, and solicitation of the latter crimes. He received a life sentence for these offenses in addition to several shorter, concurrent terms of imprisonment. Despite the unlikelihood of ever returning to society, Mr. Chaverra-Cardona worked exceptionally hard to rehabilitate himself in prison, completing a long list of educational and vocational programs; earning accolades for "superior program achievement"; maintaining a spotless disciplinary record; and receiving a Special Achievement Award from UNICOR for being an exceptional worker. He also has expressed sincere remorse for his conduct, corresponding directly with one of the targets of his conspiracy, then-AUSA Ruben Castillo, from whom he sought and received forgiveness.

Mr. Chaverra-Cardona's health has deteriorated over the more than three decades of his imprisonment, and he now suffers from chronic kidney disease as well as asthma, obesity, and hypertension, among other conditions. Recently, he was diagnosed with Covid-19. In a joint status report filed on January 7, 2021, the parties report that his Covid-19 case is now considered "resolved" and that he meets the criteria for release from isolation. Their report does not indicate, however, whether "resolved" means that Mr. Chaverra-Cardona is symptom-free, that he has now tested negative for Covid-19, or something else. At all events, as discussed below, Mr. Chaverra-Cardona's age and health profile include a number of significant comorbidities that significantly increase his risk of serious or persistent illness or death from the disease.

Relying on the totality of factors above—his rehabilitation and repentance for his crimes on the one hand, and the serious threat of Covid-19 to someone of his age and health profile on the other—Mr. Chaverra-Cardona seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A). If released, Mr. Chaverra-Cardona will, it appears, be removed to his native Colombia, as the record includes an ICE detainer indicating a charge of "deportation," DN 172 at 33, and he states in his recent status report that if he is released, he expects to be taken into ICE custody immediately.

Compassionate release is a departure from the general rule that district courts lack authority to modify a sentence once it has

become final. See United States v. Anderson, 583 F.3d 504, 508 (7th Cir. 2009). As amended by Section 603(b) of the First Step Act, § 3582(c)(1)(A) provides that:

> [t]he court may not modify a term of imprisonment once it has been imposed except that—

> (1) in any case—

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

> (i) extraordinary and compelling reasons warrant such a reduction;

> ...

> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission....

18 U.S.C. § 3582(c)(1)(A).

3

The government acknowledges that Mr. Chaverra-Cardona has satisfied the exhaustion requirement. Accordingly, I may proceed to the substance of his claim and consider: "(1) the factors set forth in 18 U.S.C. § 3553(a); (2) whether 'extraordinary and compelling reasons' warrant a reduction in sentence; and (3) whether 'such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.'" *United States v. Fakhouri*, No. 17 CR 639-1, 2020 WL 7698371, at *1 (N.D. Ill. Dec. 28, 2020).

The § 3553(a) factors support Mr. Chaverra-Cardona's release. While there is no denying the seriousness of his offenses, it is apparent that the thirty-four years he has spent in prison have served their intended punitive and rehabilitative purposes. *See* 2002 Review Hearing Summary, DN 172 at 50 ("This examiner is persuaded that the prisoner has actually, to the extent this can occur, benefitted from incarceration. Clearly the prisoner now understand that his actions...have caused him to pay a heavy price in terms of imprisonment. Most importantly, I do not believe that the prisoner does represent any type of threat to act out violently toward any of these individuals."). Nothing in the record suggests any further benefit either to Mr. Chaverra-Cardona or to society at large to his continued incarceration. To the contrary, the evidence indicates that Mr. Chaverra-Cardona is no longer a threat to the community and presents a low risk of recidivism. *See id*. Indeed, his age alone makes him statistically unlikely to recidivate, and his conduct in

4

prison has been that of a man who seeks to contribute positively to his community. Additionally, the lengthy term he has already served conveys a strong deterrent message to anyone considering engaging in offenses of the kind Mr. Chaverra-Cardona committed. Finally, the record demonstrates that Mr. Chaverra-Cardona has the support of his family and a stable release plan that includes returning to his native Colombia.

While it thus appears that Mr. Chaverra-Cardona's continued incarceration would serve no correctional purpose, it would put him at significant risk of severe illness or death from Covid-19, given his age (he is 67) and chronic underlying health conditions. The CDC identifies both chronic kidney disease and obesity as conditions that affirmatively increase an individual's risk for severe illness from Covid-19 and identifies asthma and hypertension as conditions that might increase that risk. The fact that he already contracted the disease militates in favor of his release, given evidence that Covid-19 can result in prolonged or recurrent illness, and that obesity and asthma are among the risk factors the World Health Organization has identified as increasing the likelihood that symptoms will persist.[1]

---

[1] *See What we know about Long-term effects of COVID-19*, https://www.who.int/docs/default-source/coronaviruse/risk-comms-updates/update-36-long-term-symptoms.pdf?sfvrsn=5d3789a6_2 (last visited January 11, 2021).

In short, after considering the § 3553(a) factors, I find that the precariousness of Mr. Chaverra-Cardona's health, coupled with the lengthy sentence during which he has consistently manifested his potential to contribute positively to society, amount to extraordinary and compelling reasons warranting his release. This conclusion is consistent with *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020), in which the Seventh Circuit held that because Sentencing Guideline § 1B1.13 has not been amended since enactment of the First Step Act, § 1B1.13 and its Application Notes do not "curtail a district judge's discretion" to grant prisoners' motions on grounds other than the extraordinary and compelling reasons specifically enumerated in Guideline § 1B1.13.

For the foregoing reasons, Mr. Chaverra-Cardona's motion is granted.

**ENTER ORDER:**

**Elaine E. Bucklo**
United States District Judge

Dated: January 14, 2021